Williams v. International Paper Co.

Reversed.

Judges WELLS and COZORT concur.

———————

DOUGLAS WAYNE WILLIAMS, AN INCOMPETENT, BY C. D. HEIDGERD, GUARD-
IAN AD LITEM v. INTERNATIONAL PAPER CO., RICHMOND GRAVURE,
INC., CHESTER LITTLE, D/B/A CUSTOM PAVERS AND COATING CO.,
INC., AND CORPOREX CONSTRUCTORS, INC.

No. 8710SC587

(Filed 15 March 1988)

1. **Appeal and Error § 3— constitutional question—not raised at trial—no appeal**

    The Court of Appeals declined to address the issue of whether N.C.G.S.
    § 97-10.2(j) violates the United States and North Carolina Constitutions
    because the constitutional challenges were not presented to or passed upon by
    the trial court.

2. **Master and Servant § 79— common law action settled—distribution of pro-
    ceeds between employer and employee**

    The trial court erroneously decided the issue of employer negligence
    without a jury in an action in which plaintiff was injured in a construction acci-
    dent; received workers' compensation; filed this action against the general con-
    tractor and other subcontractors; plaintiff and defendants requested a jury
    trial; two defendants were dismissed; and plaintiff and the remaining two de-
    fendants reached a settlement agreement, then applied to the court for a
    determination of the amount to be paid to plaintiff and to the employer/carrier
    under N.C.G.S. § 97-10.2(j). Absent a showing that employer/carrier consented
    to the elimination of the requested jury trial on the issue of employee negli-
    gence, it cannot be waived and N.C.G.S. § 97-10.2(e) (1985) clearly preserves
    the employer/carrier's right to trial by jury, providing that it has been
    demanded by a party in the pleadings and not waived by all the parties. The
    Legislature did not contemplate and intend that N.C.G.S. § 97-10.2(j) would
    deprive the employer/carrier of his right to trial by jury by virtue of the set-
    tlement of plaintiff's claim against the third party defendants, an event over
    which the employer/carrier had no control; moreover, the legislative title to
    subsection (j) and the language of subsection (j) refer to joint tort-feasors and
    the parties in this case are not yet joint tort-feasors.

APPEAL by St. Paul Fire & Marine Insurance Company (St.
Paul), as the workers' compensation insurance carrier for the
plaintiff's employer, Midwestern Commercial Roofers, Inc.
(Midwestern), hereinafter referred to as the employer/carrier,
from *Farmer, Judge.* Judgment entered 29 December 1986 in

Superior Court, WAKE County. Heard in the Court of Appeals 3 December 1987.

While employed by Midwestern, plaintiff Douglas Wayne Williams was seriously and permanently injured when he fell through the previously damaged roof of a building being constructed in Raleigh. Corporex Constructors, Inc. (Corporex), the general contractor, and Chester Little, d/b/a Custom Pavers and Coating Co. (Little), another subcontractor, were responsible for repairing the damaged roof. Little replaced the damaged panels but Corporex failed to weld them into place because the welding machine was not operating.

Plaintiff's employer, Midwestern, stopped work early on 12 October 1983 to wait for the panels to be replaced and welded. Ted Finneseth, superintendent for Corporex, assured Midwestern's foreman, George Chalke, that the repairs would be completed in time for the crew to begin work the next morning. However, the panels were, in fact, not welded into place.

Midwestern's crew arrived before dawn on 13 October 1983. Chalke ordered the men back to work after he and other crew members examined the panels. The crew placed styrofoam over the roof which obscured the exact location of the unwelded new panels. Later while plaintiff was carrying a hoist across the roof, he stepped on one of the unwelded panels which collapsed causing him to fall thirty feet onto a concrete floor below.

Although previously compensated under the Workers' Compensation Act, plaintiff filed this separate civil suit against Corporex Constructors, Inc., Chester Little d/b/a Custom Pavers and Coating Co., Inc., International Paper Co., and Richmond Gravure, Inc. alleging joint and several liability for negligence. International Paper and Richmond Gravure were later dismissed from the suit. Defendants answered alleging the joint and concurring negligence of Midwestern as a pro tanto bar to the employer/carrier's compensation lien.

When the case was set for trial and called for a pretrial conference, plaintiff and the remaining defendants, Corporex and Little, reached an out-of-court settlement. Defendants then applied for a hearing pursuant to N.C.G.S. § 97-10.2(j) asking the trial court to determine what amount of settlement proceeds should be paid to the employer/carrier.

At the hearing the trial court determined that it was author-ized to hear the matter under N.C.G.S. § 97-10.2(j) and to deter-mine the issue of Midwestern's negligence. The employer/carrier objected. If Midwestern was jointly and concurrently negligent in causing plaintiff's injury, then pursuant to N.C.G.S. § 97-10.2, the employer/carrier would not be entitled to enforce its lien and recover from the settlement proceeds for the $520,491.23 paid by it to the employee.

The trial court ordered the parties, including the employer/carrier, to submit briefs and affidavits on all matters affecting distribution of the proceeds. The trial court found Midwestern was jointly and concurrently negligent in causing plaintiff's injury and the employer/carrier recovered nothing. The employer/carrier appeals.

*Golding, Crews, Meekins & Gordon, by Rodney Dean and V. Elaine Cohoon, attorneys for appellant.*

*Johnny S. Gaskins, attorney for plaintiff-appellee.*

*John E. Aldridge, Jr., attorney for defendant-appellee Ches-ter Little, d/b/a Custom Pavers and Coating Co., Inc.*

*Young, Moore, Henderson & Alvis, P.A., by Walter E. Brock, Jr., attorney for defendant-appellee Corporex Constructors, Inc.*

ORR, Judge.

[1] In its brief appellant asserts that N.C.G.S. § 97-10.2(j) violates numerous provisions of both the United States and North Carolina Constitutions. None of these constitutional challenges, however, were presented to or passed upon by the trial court. "It is a well settled rule of this Court that we will not pass upon a constitutional question unless it affirmatively appears that such question was raised and passed upon in the court below." *Powe v. Odell*, 312 N.C. 410, 416, 322 S.E. 2d 762, 765 (1984) (citations omit-ted). Because appellant did not raise these issues before the trial court, we decline to address them now. *Id.* at 416, 322 S.E. 2d at 766.

[2] We address instead the fundamental issue which is before this Court. Was the trial court correct in deciding the issue of em-ployer negligence under the provisions of N.C.G.S. § 97-10.2(j)?

We conclude that the trial court's interpretation of the law was in error, although parenthetically this Court admits that the statute in question is a morass of confusion and needs to be intelligibly redrafted.

We begin by examining the procedural posture of the case. Plaintiff filed suit against the defendants as third party tort-feasors. Under N.C.G.S. § 97-10.2(e):

> If the third party defending such proceeding, by answer duly served on the employer, sufficiently alleges that actionable negligence of the employer joined and concurred with the negligence of the third party in producing the injury or death, then an issue shall be submitted to the jury in such case as to whether actionable negligence of employer joined and concurred with the negligence of the third party in producing the injury or death. The employer shall have the right to appear, to be represented, to introduce evidence, to cross-examine adverse witnesses, and to argue to the jury as to this issue as fully as though he were a party although not named or joined as a party to the proceeding. Such issue shall be the last of the issues submitted to the jury.

In this case the defendants in fact answered and alleged that the employer was jointly and concurrently negligent (although defendants denied their own negligence) in causing the employee's injuries. Defendants also requested a trial by jury as to all issues raised by the pleadings (as had plaintiff previously in his complaint). This answer was served upon the employer as required.

Pursuant to the statute the employer had the right "to appear, to be represented, to introduce evidence, to cross-examine adverse witnesses, and to argue to the jury as to this issue as fully as though he were a party although not named or joined as a party to the proceeding." N.C.G.S. § 97-10.2(e) (1985). In such a posture the case proceeded through the discovery process up to the point that the case was on the trial calendar and a pretrial conference was held.

At this point the plaintiff and the defendants entered into a settlement. Plaintiff and defendants then applied to the resident superior court judge pursuant to N.C.G.S. § 97-10.2(j) for a determination of the amount to be paid to the plaintiff and the employer/carrier.

Counsel for the employer/carrier contended before the trial court that pursuant to N.C.G.S. § 97-10.2(h) no settlement could be made without the approval of the employee *and* employer and that the employer had not agreed to a settlement. The trial court held that N.C.G.S. § 97-10.2(j) superseded § 97-10.2(h) under the facts of this case.

Prior to 1983 N.C.G.S. § 97-10.2(h) would have in fact controlled but an amendment was passed by the legislature to N.C.G.S. § 97-10.2 by adding subsection (j) which says:

> In the event that a judgment is obtained which is insufficient to compensate the subrogation claim of the Workers' Compensation Insurance Carrier, or in the event that a settlement has been agreed upon by the employee and the third party when said action is pending on a trial calendar and the pretrial conference with the judge has been held, either party may apply to the resident superior court judge of the county in which the cause of action arose or the presiding judge before whom the cause of action is pending, for determination as to the amount to be paid to each by such third party tort-feasor. If the matter is pending in the federal district court such determination may be made by a federal district court judge of that division.

It was argued and agreed to by the trial court that subsection (j) was passed to eliminate a carrier from holding up a settlement agreement and forcing the employer and third party to trial.

Upon the trial court's determination that subsection (j) applied and empowered it to decide the division of the settlement *and* the issue of the employer's negligence, the employer/carrier objected.

It is noted and argued by the appellees that the employer/carrier did not argue the issue of a right to a jury trial nor specifically request one at the hearing. While this point is well taken, the objection entered by counsel for employer/carrier to the trial court's action was sufficient to preserve the issue on appeal. Likewise, the plaintiff and defendants had requested a jury trial on all issues and the employer/carrier had made an appearance in the action pursuant to N.C.G.S. § 97-10.2(e).

Rule 38(d) of the North Carolina Rules of Civil Procedure states, "[a] demand for trial by jury . . . may not be withdrawn without the consent of the parties who have pleaded or otherwise appear in the action." We, therefore, conclude that absent a showing that employer/carrier consented to the elimination of the requested jury trial on the issue of employer negligence, it cannot be deemed waived. The two original parties to the action had reached a settlement but there still remained the issue of employer negligence to be determined.

We now turn our attention to the basis upon which we conclude that subsection (j) was not the controlling portion of the statute but instead subsection (e) controls.

In subsection (e) the employer/carrier upon being brought into the lawsuit by virtue of the third party's plea of employer negligence was guaranteed the right to have the issue tried by the jury. "Such issue shall be the last of the issues submitted to the jury." N.C.G.S. § 97-10.2(e) (1985). Clearly then, this section of the statute preserves the employer/carrier's right to trial by jury, providing that it has been demanded by a party in the pleadings and not waived by all the parties.

In the case *sub judice*, the plaintiff and third party reached a settlement at the pretrial conference stage. In enacting subsection (j) did the legislature contemplate and intend to deprive the employer/carrier of its right to trial by jury by virtue of the settlement of the plaintiff's claim against the third party defendants — an event over which the employer/carrier had no control? In our opinion, they did not. As a practical matter with the case calendared and ready for trial there is no fundamental reason why the sole remaining issue of employer negligence could not be expeditiously tried before a jury. Therefore, an argument that permitting a jury trial on the issue of employer negligence would result in an unreasonable delay is without merit.

Appellees argue that subsection (j) gives the trial court the authority to hear the matter without a jury. A close examination of the statute gives no positive indication that such an interpretation was intended.

First, the legislative title to the Act enacting subsection (j) states "An act to provide that the applicable Court shall make the

decision of the settlement or judgment costs among *joint tort-feasors* in actions brought under the Workers' Compensation Act when they cannot agree and providing for limitations of its applicability." 1983 N.C. Sess. Laws ch. 645, § 1 (emphasis added). In this case the parties are not yet joint tort-feasors for that question is the precise factual issue to be resolved. In addition the language of subsection (j) states that application can be made to the judge "for determination as to the amount to be paid to each by such third party tort-feasor." N.C.G.S. § 97-10.2(j) (1985). It does not say that the trial court can or shall determine the issue of employer negligence without a jury. In fact, the language of subsection (j) makes no mention of any such authority.

We therefore conclude that the trial court erroneously decided the issue of employer negligence without a jury and that the employer/carrier was entitled to have a jury pass on the issue pursuant to N.C.G.S. § 97-10.2(e).

Reversed and remanded.

Judges ARNOLD and JOHNSON concur.